Henry Clay Greenberg, J.
This motion would appear to present a conflict "between morality and decency on one hand and principles of law on the other. This ought not to he the case, *533 but it is part of our law that the two are not always subject to reconciliation. Plaintiff, the wife of the defendant, has brought this action in which she seeks an injunction restraining her husband from entering, possessing or occupying the co-operative apartment which they both jointly own and which at the present time is occupied solely by her. The wife complains that her husband has misconducted himself by bringing into the premises certain indecent and pornographic films, by exhibiting them and by insisting that she view the performance. She alleges further that, by reason thereof, she was humiliated and suffered certain physical and nervous reactions. Aside from the effect upon her finer sensibilities and the offense to her sense of decency, the wife asserts that, the very act of the husband in bringing these indecent films into the apartment and exhibiting them, exposes both of them to the danger that the lease may be cancelled because of a provision therein that the purchasers may occupy the apartment provided they ‘ ‘ behave themselves in a proper, lawful and decent manner and without causing any breach of the peace, violation of quiet enjoyment or any threat thereto.” The gravamen of the plaintiff’s complaint, therefore, is that if the misconduct of the husband should be brought to the attention of the owners of the building, the lease would be terminated and both of them would suffer financial harm.
The defendant has cross-claimed for an impressment of a trust with respect to the interest of the plaintiff in the lease and he moves for a temporary injunction restraining the plaintiff from excluding him from the apartment.
The court is convinced from the papers that the defendant husband has been engaged in the activities charged to him by his wife. In his answering affidavit, he is less than honest with the court when he asserts in an oblique manner that he does not concede the validity of the accusations made by the wife. However, there is no categorical denial by him of the claim by his wife. He adds insult to injury when he states in his affidavit that the films were on the subject premises “ by her suggestion, invitation and request ” and yet he states that “they were never exhibited to her.” This is a contradiction in terms. If the wife invited the presence of the films, it is indeed strange that she would refuse to view them in the apartment. The court dismisses the affidavit of the husband as unworthy of the slightest belief. Yet, the court’s hands are tied from a standpoint that it cannot accord any relief to the plaintiff. There is no connection between the defendant’s activities and any threatened violation of the lease covenant unless the plaintiff wife seeks to invoke police action. No attempt has been made *534 by the corporation to cancel the lease, nor in fact would the matter have come to the attention of the corporation, if this very action had not been commenced by the wife. True it is that she is in a dilemma, but it is one from which the court is unable to extricate her.
This court regrets that it is required to grant a temporary injunction in favor of the husband restraining the plaintiff from interfering with his ingress and egress to the apartment.
Accordingly, the motion is granted. Settle order.